UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRETT L. ELIASON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and KIRTON MCCONKIE,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO SERVE**<br><br>Case No. 2:24-cv-00097<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Brett Eliason, proceeding without an attorney, filed this action against the United States of America, the Corporation of the President of the Church of Jesus Christ of Latter-day Saints, and Kirton McConkie on February 6, 2024.[1] As explained below, because Mr. Eliason has failed to serve the defendants, despite extension of the service deadline, and he has not shown good cause for the failure, the undersigned[2] recommends the chief district judge dismiss this action without prejudice.

LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own

---

[1] (See Compl., Doc. No. 1.)

[2] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (See Doc. No. 6.)

1

after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3]  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[4]

## ANALYSIS

Mr. Eliason filed his complaint on February 6, 2024,[5] meaning the deadline to serve the defendants was May 6, 2024.  Mr. Eliason did not file proof of service by that date.  On June 14, 2024, Mr. Eliason was ordered to show cause why this case should not be dismissed for failure to timely serve the defendants.[6]  Specifically, Mr. Eliason was ordered to file one of the following by July 5, 2024: (1) proof of timely and proper service upon the defendants, or (2) a document setting forth good cause for a failure to timely serve the defendants, and describing any steps taken to serve the defendants and pursue this case.[7]

Mr. Eliason filed a response before the deadline.[8]  While the response primarily consisted of argument regarding the merits of Mr. Eliason's case, it also stated "the

---

[3] Fed. R. Civ. P. 4(m).

[4] *Id.*

[5] (*See* Compl., Doc. No. 1.)

[6] (Order to Show Cause, Doc. No. 9.)

[7] (*Id.*)

[8] (Resp. to Req. by the Ct. Re: Improper Service to Defs., Doc. No. 10.)

2

Department of Justice refuses to accept service from me as shown in the text below."[9] Below this was what appeared to be a screenshot of an email from a process server, indicating that when the process server has attempted to serve "the agency" in person, they were told to serve by certified mail.[10] Mr. Eliason's response did not address service of the other two defendants.

In an order dated August 27, 2024, the court noted the process server's apparent attempt to hand-deliver documents to the Department of Justice (or other unspecified agency) did not constitute proper service on the United States.[11] The court explained Mr. Eliason must serve the United States pursuant to the procedures specified in Rule 4(i) of the Federal Rules of Civil Procedure,[12] and must serve the other defendants in

---

[9] (*Id.* at 5.)

[10] (*See id.*)

[11] (*See* Order Extending Deadline to Complete Service, Doc. No. 11.)

[12] Rule 4(i) of the Federal Rules of Civil Procedure provides that to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

3

accordance with the procedures for serving corporations, partnerships, or associations set forth in Rule 4(h).[13]  Because Mr. Eliason made some effort to serve at least one of the defendants, the court found good cause to extend the service deadline to September 27, 2024.[14]  Mr. Eliason was ordered to file proof of proper service by that date.[15]  The court warned Mr. Eliason his case may be dismissed if he failed to comply.[16]

The extended service deadline has passed, and Mr. Eliason has not filed proof of proper service of any defendant.  Mr. Eliason also has not shown good cause for his failure to serve the defendants by the extended deadline.[17]  Accordingly, dismissal without prejudice for failure to serve is appropriate under Rule 4(m).

---

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1); (*see also* Order Extending Deadline to Complete Service 2–3, Doc. No. 11 (quoting this rule).)

[13] Rule 4(h) provides service of such entities in the United States may be made "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1); (*see also* Order Extending Deadline to Complete Service 3 n.9, Doc. No. 11 (quoting this rule).)

[14] (Order Extending Deadline to Complete Service 4, Doc. No. 11.)

[15] (*Id.*)

[16] (*Id.*)

[17] On September 4, 2024, Mr. Eliason filed a document entitled "Motion to Admit the Attached Exhibit as Evidence and to Recuse Complaint to United States Supreme Court

RECOMMENDATION

Because Mr. Eliason has failed to serve the defendants despite extension of the service deadline, and he has not shown good cause for the failure, the undersigned recommends the chief district judge dismiss this action without prejudice. The court will send this Report and Recommendation to Mr. Eliason, who is notified of his right to object to it. Any objection must be filed within fourteen days of service.[18] Failure to object may be considered a waiver of objections.

DATED this 7th day of October, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

and to Recognize This Case as Criminal." (Doc. No. 14.) This document does not substantively address service or describe any attempt to serve the defendants.

[18] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).