IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRETT L. ELIASON,<br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and KIRTON MCCONKIE,<br><br>　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00097-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

　　　　Before the court is the Report and Recommendation issued in the above captioned case by Magistrate Judge Daphne A. Oberg on October 7, 2024.[1] The Report recommends the case be dismissed for failure to serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

　　　　On February 29, 2024, Eliason's case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[2] On June 14, 2024, Judge Oberg ordered Mr. Eliason to file by July 5, 2024 either: (1) proof of timely and proper service upon the defendants, or (2) a document setting forth good cause for a failure to timely serve the defendants, and describing any steps taken to serve the defendants and pursue this case.[3] Judge Oberg subsequently extended the deadline to effectuate service to August 27, 2024.[4] On October 7, 2024, Judge Oberg issued her Report and advised Eliason of his right to object within fourteen days of

---

[1] Dkt. 15, *Report and Recommendation to Dismiss Action for Failure to Serve* (*Report*).

[2] Dkt. 6, *Minute Entry Referring Case*.

[3] Dkt. 9, *Order to Show Cause*.

[4] Dkt. 12, *Order Extending Deadline to Complete Service*.

service, pursuant to Federal Rule of Civil Procedure 72(b).[5]  Judge Oberg further cautioned that "[f]ailure to object may constitute a waiver of objections."[6]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.  When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but nor is it precluded.[7]  This court reviews for clear error any report and recommendation to which no objections have been raised.[8]

Four weeks have now passed since the Report was filed and Eliason has not asserted any objections with the court.  Accordingly, this court reviews the Report for clear error.  Having carefully considered the Report, the court finds no clear error.  Thus, the court ADOPTS the Report in full.

## CONCLUSION

For the reasons set forth in the Report, Eliason's Complaint is DISMISSED for failure to serve.[9]  The Clerk of Court is directed to close this case.

---

[5] *Report* at 5.

[6] *Id.*

[7] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[8] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[9] *See* Report at 4 (explaining that when a party fails to effectuate service under Fed. R. Civ. P. 4, the court may dismiss the action).

SO ORDERED this 12th day of November 2024.

BY THE COURT:

_____

ROBERT J. SHELBY

Chief United States District Judge